# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| CASSANDRA MATTHEWS, § | |
| § | |
| *Plaintiff,* § | |
| § | Civil Action No. 4:22-CV-00670 |
| v. § | Judge Mazzant |
| § | |
| UNITED ROAD SERVICES, INC. and § | |
| JOHN DOE, § | |
| § | |
| *Defendants.* § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's Motion to Remand to State Court (Dkt. #16). Having considered the motion and the relevant pleadings, the Court finds that the motion should be **DENIED**.

### BACKGROUND

This case arises from an auto accident that occurred in Collin County, Texas on or about September 10, 2019. Plaintiff Cassandra Matthews alleges that she was injured when an eighteen-wheeler that was approaching her at a high speed forced her to swerve her vehicle into an adjacent lane to avoid a collision. According to Plaintiff, she swerved into a car in the next lane and suffered injuries as a result (Dkt. #5 at p. 3). Plaintiff further alleges that the eighteen-wheeler was owned by Defendant United Road Services, Inc. ("United Road") and that it sped away without stopping.

On June 14, 2021, Plaintiff filed this negligence action against Defendants United Road and John Doe in the 471st Judicial District Court in Collin County, Texas (Dkt. #5). Plaintiff is a citizen of Texas who resides in Collin County (Dkt. #5). United Road is a corporation incorporated in Delaware with its principal place of business in Michigan (Dkt. #1 ¶ 4). Defendant John Doe

is allegedly a driver for United Road. His name and address are currently unknown (Dkt. #5 at p. 1).

In her state court petition, Plaintiff alleged that Defendants were the proximate cause of her injuries and sought "monetary relief in an amount over $1,000,000," including actual and exemplary damages (Dkt. #5 at p. 3). On July 7, 2022, Plaintiff effected service on United Road through the Texas Secretary of State. On July 29, 2022, United Road filed its answer in state court (Dkt. #6).

On August 3, 2022, United Road removed the case to the undersigned Court, stating that complete diversity of citizenship exists between the parties and that the amount in controversy exceeds $75,000. For this reason, United Road contends that removal is proper under 28 U.S.C. §§ 1332, 1441, and 1446 (Dkt. #1) (the "Notice of Removal").

On October 27, 2022, Plaintiff filed the present motion to remand (Dkt. #16). In seeking remand, Plaintiff appears to challenge United Road's contention that there is complete diversity between the parties and that the amount-in-controversy requirement is satisfied. On November 4, 2022, United Road filed its response to Plaintiff's motion to remand (Dkt. #18).

**LEGAL STANDARD**

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). "Only state court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citing 28 U.S.C. § 1441(a)). "In an action that has been removed to federal court, a district court is required to remand the case to state court if, at any time before final judgment, it determines that it lacks subject matter jurisdiction."

*Humphrey v. Tex. Gas Serv.*, No. 1:14-CV-485, 2014 WL 12687831, at *2 (E.D. Tex. Dec. 11, 2014) (citations omitted). The Court "must presume that a suit lies outside [its] limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 537 (5th Cir. 2017).

Section 1446 establishes the procedures by which a defendant may remove a suit filed in state court to federal court. *See* 28 U.S.C. § 1446. A notice of removal must normally be filed within thirty days after the defendant receives the initial pleading setting forth the claim for relief upon which the action is based, or within thirty days of service of summons if the state's rules of procedure do not require the defendant to be served, whichever period is shorter. 28 U.S.C. § 1446(b). Similarly, § 1447 establishes the procedures following removal. Section 1447 specifically provides that "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within [thirty] days after the filing of the notice of removal." 28 U.S.C. § 1447(c). In contrast, if a court finds that it lacks subject matter jurisdiction, the court must remand the case, even if the thirty days have passed. *Id*.

## ANALYSIS

A federal court has subject-matter jurisdiction over civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and there is diversity of citizenship between the parties. 28 U.S.C. § 1332(a).

Plaintiff's motion to remand presents the Court with arguments that challenge both prongs of this jurisdictional formula.[1] First, Plaintiff contends that diversity is lacking between Plaintiff and United Road because Plaintiff resides in Collin County, Texas and United Road also "does

---

[1] In fact, because Plaintiff filed her motion to remand more than thirty days after United Road filed its Notice of Removal, Plaintiff has waived her right to argue that removal is defective for procedural reasons. 28 U.S.C. § 1447(c). Accordingly, Plaintiff is limited to seeking remand on jurisdictional grounds.

business in Collin County" (Dkt. #16 ¶ 6). Second, Plaintiff indicates that the amount-in-controversy requirement may be lacking in this case (Dkt. #7). The Court addresses each of these arguments in turn.

I. **Diversity of Citizenship**

Diversity of citizenship exists between parties only if each plaintiff has a different citizenship from each defendant. *Getty Oil Corp. v. Ins. Co. of North America*, 841 F.2d 1254, 1258 (5th Cir. 1988). A natural person is considered a citizen of the state where she is domiciled, that is, where she has a fixed residence with the intent to remain there indefinitely. *Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 555–56 (5th Cir. 1985). Likewise, a corporation is a citizen of every state in which it is incorporated and of the state where it maintains its principal place of business. 28 U.S.C. § 1332(c)(1). A corporation's principal place of business is its "nerve center"—the place where its officers "direct, control, and coordinate the corporation's activities." *Hertz Corp v. Friend*, 559 U.S. 77, 92–93 (2010).

In the context of removal, "the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty*, 841 F.2d at 1259. If a defendant fails to adequately allege the basis of diversity jurisdiction, the court must remand the case. *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir. 1991).

Here, there is no dispute that Plaintiff is a natural person domiciled in Collin County, Texas. Nor is there any dispute that United Road is a Delaware corporation that maintains its principal place of business in Michigan. Rather Plaintiff argues that diversity is lacking because, although United Road's "primary location is in Michigan," it does business in Collin County, Texas (Dkt. #16 ¶ 6).

But Plaintiff's focus on United Road's business activities in Collin County is misplaced.

"A corporation is deemed a citizen for purposes of diversity jurisdiction *only* where it is incorporated and where it maintains its principal place of business"—the mere fact that United Road conducts business in Texas does not change its citizenship or destroy complete diversity. *Grady v. Stoever*, 968 F. Supp. 334, 335 (S.D. Tex. 1997) (emphasis added).

And so, because Plaintiff is a citizen of Texas and United Road is a citizen of Delaware and Michigan, there is complete diversity of citizenship between the parties.[2]

## II.     Amount-in-Controversy

Plaintiff also contends that the amount-in-controversy requirement may be lacking because "[a]lthough it is possible the amount in controversy exceeds $75,000.00, Plaintiff cannot say with any certainty that she will be claiming more than $75,000.00 at this time" (Dkt. #16 ¶ 7).

The Fifth Circuit has established a framework for resolving disputes over the amount-in-controversy. "If the plaintiff's state court petition specifies a dollar amount of damages, that amount controls if made in good faith." *Guijarro v. Enter. Holdings, Inc.*, 39 F.4th 309, 314 (5th Cir. 2022). In effect, courts generally accept a plaintiff's good faith claim unless it is apparent—to a legal certainty—on the face of the pleadings that the plaintiff cannot recover the amount claimed. *See, e.g.*, *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

Plaintiff seeks monetary relief "in an amount over $1,000,000" (Dkt. #5 at p. 4). More specifically, she seeks to recover damages resulting from a serious highway accident and claims a host of actual damages including "significant medical expense," pain and suffering, physical disfigurement, "serious mental anguish," and property damage. Accordingly, the Court finds that

---

[2] The Court need not consider John Doe's citizenship for diversity purposes because "[i]n determining whether a civil action is removable on the basis of [diversity jurisdiction], the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1); *Weaver v. Metro. Life Ins. Co.*, 939 F.3d 618, 623 (5th Cir. 2019).

nothing on the face of Plaintiff's pleadings suggests that she cannot recover the $1,000,000 in monetary relief that she seeks.

As a result, the amount claimed in Plaintiff's state court petition controls and the amount-in-controversy requirement is satisfied. *See Guijarro*, 39 F.4th at 314.

## CONCLUSION

It is therefore **ORDERED** that Plaintiff's Motion to Remand to State Court (Dkt. #16) is hereby **DENIED**.

**IT IS SO ORDERED.**

**SIGNED** this 17th day of November, 2022.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE