# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| CASSANDRA MATTHEWS,<br>    *Plaintiff,*<br>v.<br><br>UNITED ROAD SERVICES, INC. AND<br>JOHN DOE,<br>    *Defendants.* | § § § § § § § § § | Civil Action No. 4:22-cv-00670<br>Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant United Road Services, Inc.'s Motion for Summary Judgment (Dkt. #30). Having considered the motion and the relevant pleadings, the Court finds that the motion should be **DENIED**.

### BACKGROUND

**I. Factual History**

"This case arises from an auto accident that occurred in Collin County, Texas on or about September 10, 2019" (Dkt. #19 at p. 1). "Plaintiff Cassandra Matthews alleges that she was injured when an eighteen-wheeler that was approaching her at a high speed forced her to swerve her vehicle into an adjacent lane to avoid a collision" (Dkt. #19 at p. 1). "According to Plaintiff, she swerved into a car in the next lane and suffered injuries as a result" (Dkt. #19 at p. 1). "Plaintiff further alleges that the eighteen-wheeler was owned by Defendant United Road Services, Inc. ('United Road') and that it sped away without stopping" (Dkt. #19 at p. 1).

**II. Procedural History**

On June 14, 2021, Plaintiff filed her state court petition in the 471st Judicial District Court in Collin County, Texas (Dkt. #19 at p. 1; Dkt. #30, Exhibit 1 at p. 1). On June 17, 2021, Plaintiff

served process on United Road by serving Corporation Service Company ("CSC") (Dkt. #32, Exhibit 3 at p. 1). Plaintiff alleges that at the time of service, "[CSC] was listed as the registered agent for [United Road]" (Dkt. #32 at p. 1). Service was accepted by Samantha Guerra, the authorized agent of CSC (Dkt. #32, Exhibit 3 at p. 1).

On June 21, 2021, CSC sent a letter to Plaintiff titled "Rejection of Service of Process" (Dkt. #32, Exhibit 4 at p. 1). The letter stated the service of process could not be forwarded to United Road because

> According to the Secretary of State or other appropriate state agency, the party served is not qualified to do business in the jurisdiction served. CSC is only authorized to receive service of process on behalf of entities that specifically name it as registered/statutory agent within the jurisdiction where service of process occurs. Please review the records at the Secretary of State or other appropriate state agency to identify the proper name within the jurisdiction for the entity you are trying to serve.

(Dkt. #32, Exhibit 4 at p. 1). While the letter is dated June 21, 2021, "Plaintiff is unsure when the letter arrived" (Dkt. #32 at p. 2).

On May 12, 2022, while still in Collin County District Court, Plaintiff filed a Motion for Alternative Service (Dkt. #30, Exhibit 2 at p. 1). In the Motion for Alternative Service, Plaintiff alleged that "[a]lthough [United Road] is not registered in Texas, they designate [CSC] at 800 Brazos Austin, Texas 78701 as their Registered Agent" (Dkt. #30, Exhibit 2 at p. 1). In support of that statement, Plaintiff provided an electronic print-out of the webpage of the Texas Comptroller of Public Accounts that lists CSC as the Registered Agent of United Road (Dkt. #30, Exhibit 2 at p. 4). Plaintiff also stated in the Motion for Alternative Service that "[a]lthough Plaintiff believes Defendant has been properly se[rv]ed, at this time Plaintiff is requesting service on the Secretary of State" (Dkt. #30, Exhibit 2 at p. 1). Plaintiff claims she moved for alternative service on the

Secretary of State not because she believed the June 17, 2021 service ineffective but "[i]n attempt to avoid an Appeal from a Directed Verdict" (Dkt. #32 at p. 2). On June 1, 2022, the state court issued a citation to the Secretary of State to serve United Road (Dkt. #30 at p. 2). On July 7, 2022, United Road received service from the Secretary of State (Dkt. #30 at p. 2). On August 3, 2022, United Road removed the case from state court to the undersigned Court (Dkt. #1).

On March 16, 2023, United Road moved for summary judgment based on Plaintiff's failure to exercise diligence in serving United Road (Dkt. #30). On April 13, 2023, Plaintiff responded (Dkt. #32). On April 20, 2023, United Road replied (Dkt. #34).

**LEGAL STANDARD**

I. **Summary Judgment**

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). Summary judgment is proper under Rule 56(a) of the Federal Rules of Civil Procedure "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute about a material fact is genuine when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986). Substantive law identifies which facts are material. *Id.* The trial court must resolve all reasonable doubts in favor of the party opposing the motion for summary judgment. *Cooper Tire & Rubber Co. v. Farese*, 423 F.3d 446, 455–56 (5th Cir. 2005).

The party seeking summary judgment bears the initial burden of informing the court of its motion and identifying "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions,

interrogatory answers, or other materials" that demonstrate the absence of a genuine issue of material fact. FED. R. CIV. P. 56(c)(1)(A); *Celotex*, 477 U.S. at 323. If the movant bears the burden of proof on a claim or defense for which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure *all* of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). Where the nonmovant bears the burden of proof, the movant may discharge the burden by showing that there is an absence of evidence to support the nonmovant's case. *Celotex*, 477 U.S. at 325; *Byers v. Dall. Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000).

Once the movant has carried its burden, the nonmovant must "respond to the motion for summary judgment by setting forth particular facts indicating there is a genuine issue for trial." *Byers*, 209 F.3d at 424 (citing *Anderson*, 477 U.S. at 248–49). A nonmovant must present affirmative evidence to defeat a properly supported motion for summary judgment. *Anderson*, 477 U.S. at 257. Mere denials of material facts, unsworn allegations, or arguments and assertions in briefs or legal memoranda will not suffice to carry this burden. *See, e.g.*, *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). Rather, the Court requires "specific evidence" from the nonmovant to deny a request for summary judgment. *Ragas*, 136 F.3d at 458. The Court must consider all the evidence but "refrain from making any credibility determinations or weighing the evidence." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).

## II.     Effective Service Under Texas Law

"A defendant is entitled to summary judgment on time-bar grounds if [the defendant] was served after the statute of limitations had expired and 'diligence was not used to effectuate service.'" *Bass v. Greene*, No. 6:19-cv-00541, 2020 WL 1880946, at *2 (E.D. Tex. Jan. 21, 2020)

(citing *Gant v. DeLeon*, 786 S.W.2d 259, 260 (Tex. 1990)). "If a plaintiff files a case within the limitations period and, despite [the plaintiff's] diligence in attempting to effectuate service, fails to do effectuate service within that period, 'the date of service relates back to the date of filing.'" *Id.* "But, once a defendant shows that service was effected after the limitations period, 'the burden shifts to the plaintiff to explain the delay.'" *Id.* (citing *Proulx v. Wells*, 235 S.W.3d 213, 216 (Tex. 2007)). "To meet this burden, a plaintiff must 'present evidence regarding the efforts that were made to serve the defendant, and to explain every lapse in effort or period of delay.'" *Id.* "If plaintiff meets this burden, 'the burden shifts back to the defendant to conclusively show why, as a matter of law, the explanation is insufficient.'" *Id.*

To determine whether a plaintiff exercised diligence, "[t]he court must ask 'whether the plaintiff acted as an ordinarily prudent person would have acted under the same or similar circumstances and was diligent up until the time the defendant was served.'" *Id.* "But 'a plaintiff's explanation may demonstrate a lack of diligence as a matter of law when one or more lapses between service efforts are unexplained or patently unreasonable.'" *Id.* (citing *Ashley v. Hawkins*, 293 S.W.3d 175, 179 (Tex. 2009)).

## ANALYSIS

Plaintiff's cause of action accrued on September 10, 2019, the day of her car accident. *See Childs v. Haussecker*, 974 S.W.2d 31, 36 (Tex. 1998) ("In most cases, a cause of action accrues [for personal injury] when a wrongful act causes an injury . . . ."). As a result, Plaintiff had to bring suit within two years of September 10, 2019. TEX. CIV. PRAC. & REM. CODE § 16.003(a) ("[A] person must bring suit for . . . personal injury . . . not later than two years after the day the cause of action accrues."). The parties agree Plaintiff timely filed her petition on June 14, 2021 (Dkt. #30 at p. 2;

Dkt. #32 at p. 1). United Road received service on July 7, 2022 (Dkt. #30 at p. 2). Because service was effected after the limitations period, the Court must decide if there is a genuine issue of material fact as to Plaintiff's diligence in serving United Road.

United Road argues that Plaintiff presents no evidence that she "exercised due diligence in attempting to serve [United Road] in this case" (Dkt. #30 at p. 10). In particular, Defendant notes that "even though the Plaintiff was put on notice that the initial attempted service was rejected with almost three months remaining under the statute of limitations, she did not even try to affect service until almost a year after the statute of limitations had elapsed" (Dkt. #30 at p. 11).

Plaintiff responds that she demonstrated due diligence in serving United Road because she timely served CSC (*see* Dkt. #32 at p. 7). She claims "[United Road] was served by and through their registered agent [CSC], as designated through the Secretary of State" (Dkt. #32 at p. 7). And she states that "[a]t no point, even in Plaintiff's Motion for Alternate Service, did Plaintiff believe Defendant was not affectively served on June 17, 2021" (Dkt. #32 at p. 7). Plaintiff also provided for the Court electronic print-outs of the webpage of the Texas Comptroller of Public Accounts that lists CSC as the Registered Agent of United Road as of October 1, 2021 (Dkt. #32, Exhibit 5 at p. 1) and April 13, 2023 (Dkt. #32, Exhibit 7 at p. 1). Plaintiff claims that, based on this evidence, "it is reasonable for all parties to believe [CSC] is the registered agent for [United Road] and that [United Road] was properly and timely served on June 17, 2021" (Dkt. #32 at p. 2). Plaintiff also cites to the Texas Business Organizations Code as a basis for her reasonable belief that CSC was the registered agent of United Road during the applicable time period (*see* Dkt. #32 at p. 6 (citing Tex. Bus. Orgs. Code § 5.201)).

6

The Court concludes that Plaintiff's "explanation for the delay raises a material fact issue" concerning Plaintiff's diligence in serving United Road. *Proulx*, 235 S.W.3d at 216. Plaintiff demonstrated that she acted as an ordinarily prudent person would have acted under similar circumstances, since she demonstrated continued reliance on the registered agent that United Road provided to the Texas Comptroller of Public Accounts (*see* Dkt. #32, Exhibit 5 at p. 1; Dkt. #32, Exhibit 7 at p. 1). Accordingly, "the burden shifts back to [United Road] to conclusively show why, as a matter of law, the explanation is insufficient." *Id.*

The Court finds that United Road has not met its burden to show why, as a matter of law, Plaintiff's explanation is insufficient. In its Reply, United Road acknowledges Plaintiff's argument that she believes United Road "had an administrative duty to change its registered agent and that [CSC] had an obligation to resign" (Dkt. #34 at p. 3). United Road's only reply is that Plaintiff's explanation does not "preclude Plaintiff's duty to use due diligence in obtaining adequate service" (Dkt. #34 at p. 3). This reply does not, as a matter of law, demonstrate why Plaintiff's explanation is insufficient.

## CONCLUSION

It is therefore **ORDERED** that Defendant United Road Services, Inc.'s Motion for Summary Judgment (Dkt. #30) is hereby **DENIED**.

**IT IS SO ORDERED.**

SIGNED this 9th day of January, 2024.

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE